## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

**F I L E D**

JUL **2 5** 2006

In re: KENNETH L. STOREY, )

Petitioner. )

$\underline{O R D E R}$

**LEONARD GREEN, Clerk**

Before: MARTIN and SUTTON, Circuit Judges.

The petitioner filed a prisoner's civil rights action which was dismissed by the district court on December 21, 2004, as time-barred. The petitioner alleges he mailed a motion for reconsideration on December 30, 2004, but that the district court has not yet ruled on that motion. Because he wishes to appeal the dismissal of his civil rights action, he now seeks from this court a writ of mandamus directing the district court to rule on the merits of the motion for reconsideration. In a letter copied to the petitioner, the district court states that its docket sheet "reveals, however, that a motion to reconsider was never received by the court."

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order). Because the district court docket sheet shows no motion for reconsideration pending for a ruling, the petitioner has not met this burden. The district court cannot be ordered to rule on a motion which is not pending before it.[1]

---

[1]We do note, however, that the petitioner attached to his mandamus petition a copy of a Tennessee Department of Correction Inmate Inquiry-Information Request dated December 30, 2004. In that request, the petitioner wrote:

A TRUE COPY

Attest:

LEONARD GREEN, Clerk

By *Mary Patten*
Deputy Clerk

$O 3. \text{ } Oo 488$

It therefore is **ORDERED** that the petition for a writ of mandamus is denied.

ENTERED BY ORDER OF THE COURT

Leonard Green

Clerk

---

Please verify the date my pro se legal mail was mailed to: (1) U.S. Dist. Ct. at Knoxville, Tenn., and (2) Knox County Law Directors Office at Knoxville, Tenn. -- Motion to Reconsider, Case No. 3:03-cv-488, attached hereto with I/M withdrawal slip approved. Thanks.

In response, C/O Pittman of the Mail Room wrote that "Your mail was sent out on 12/31/04." That response was dated the same day. (Because a copy of the present mandamus petition was sent to the district court and docketed as Docket Entry 11, the above form is in the district court record and can be accessed electronically.) Although this request form is not proof that the district court in fact received the alleged motion for reconsideration, it does lend support to the petitioner's assertion that he placed a motion for reconsideration in the prison internal mail system by December 30, 2004, and no later than December 31, 2004.

It is suggested that the district court examine its files to determine if such a motion was received by the district court clerk's office, but misplaced. It may also wish to contact the Knox County Law Directors Office to determine if it received a motion for reconsideration. Should the district court conclude that such a motion was in fact properly and timely mailed to the district court, it may file the motion as of the date it was placed in the prison mail by the petitioner. *See Beck v. Bowersox*, 362 F.3d 1095, 1098 n.2 (8th Cir.), *cert. denied*, 543 U.S. 914 (2004) (motion to alter or amend comes within scope of Rule 4(c), Fed. R. App. P.); *Edwards v. United States*, 266 F.3d 756, 758-59 (7th Cir. 2001) (per curiam) (same); *United States v. Duke*, 50 F.3d 571, 575 (8th Cir.), *cert. denied*, 516 U.S. 885 (1995) (same). We leave such a determination to the discretion of the district court.