UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| KENNETH L. STOREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:03-cv-488 |
| | ) | *Phillips* |
| | ) | |
| KNOX COUNTY, TENNESSEE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights complaint against Knox County, Tennessee, the former sheriff, and numerous jail officers. There are pending before the court various non-dispositive motions filed by the parties, which will be addressed in this Memorandum and Order.[1] But first some historical background is warranted.

This case was originally dismissed *sua sponte* as time-barred, without service of process, and plaintiff appealed. The Sixth Circuit determined that the Tennessee savings statute rendered the complaint timely, vacated the order of dismissal, and remanded the case for further proceedings. Plaintiff was then ordered to complete the service packets for the defendants, which he did, and the summonses were forwarded to the U.S. Marshal for service

---

[1] There is also pending a motion for judgment on the pleadings filed by defendant Chief Ruble, which will be addressed in a separate Memorandum and Order.

by certified mail. The mail was addressed to each defendant at the Knox County Sheriff's Department.

Upon issuance of the summonses, the Knox County Law Director's Office filed notice that it had received plaintiff's request for waiver of service but was not authorized to waive or accept service of summons for the defendants. Process was subsequently returned unexecuted as to all defendants, with the exception of Chief Ruble. Plaintiff then unsuccessfully sought to have the U.S. Marshals Service serve the unexecuted summonses upon the defendants at the Office of the Knox County Law Director. The Knox County Law Director advised the court that a number of the defendants were no longer employed by the Knox County Sheriff's Department, and that it was difficult to ascertain who some of the defendants were, since plaintiff listed only their last names and in some cases there were more than one current or former employee with the same last name. The Law Director requested that the U.S. Marshals Service serve each defendant personally.

The Clerk's Office then sent plaintiff new summons forms to complete and advised plaintiff that the U.S. Marshals Service would attempt personal service on the unserved defendants. Plaintiff then filed an amended complaint and returned the summonses, listing the address for each defendant as that of the Knox County Law Director's Office. Chief Ruble was again served, as was Knox County, Tennessee, Officer Aaron Yarnell, and Chief Jailer Charles Bowers. The summonses were returned unexecuted as to the remaining defendants.

Plaintiff has now filed a motion to clarify and determine personal jurisdiction over each named party, and to substitute party defendants. In that motion, plaintiff asks the court

to do the following: (1) enter an order to the effect that all named defendants are properly before the court in both their official and individual capacities; (2) order that the current sheriff in his official capacity be substituted for former Sheriff Tim Hutchison in his official capacity; and (3) direct the Clerk and the U.S. Marshals Service to attempt service again upon all remaining unserved defendants in their individual capacities. For the following reasons, the motion will be **DENIED** in its entirety.

The defendants who have not been served are not properly before the court; the Knox County Law Director's Office refused to waive or accept service for those defendants. A suit against an county official in his official capacity is in effect a suit against the county itself, in this case Knox County, Tennessee. Knox County is already a defendant in this case and thus there is no reason to substitute the current sheriff in his official capacity. With respect to plaintiff's request that the U.S. Marshals Service attempt service again upon the unserved defendants, plaintiff must first provide the court with the correct names and current addresses for those defendants. Accordingly, plaintiff's motion to clarify [Court File No. 72] is **DENIED** in its entirety. Plaintiff's motion to stay the court's decision [Court File No. 74] is **DENIED** as **MOOT**.

Plaintiff has also filed a motion for entry of default and a motion for default judgment as to the unserved defendants. As noted, the defendants have not been properly served and the motion for entry of default [Court File No. 78] and the motion for default judgment [Court File No. 80] are **DENIED**.

The defendants have filed a motion for Knox County Chief Deputy Law Director Mary Ann Stackhouse to withdraw as attorney of record for defendant Knox County, Tennessee, and to substitute Deputy Law Director Robert C. McConkey III as attorney of record for the county. The motion [Court File No. 76] is **GRANTED** to the extent Ms. Stackhouse is withdrawn as attorney of record for Knox County, Tennessee, and **DENIED** as **MOOT** as to the substitution of Mr. McConkey.

Deputy Law Director McConkey subsequently filed his own motion to withdraw as attorney of record for Knox County, Tennessee, and to substitute the Knox County Law Director as attorney of record. The motion [Court File No. 93] is **GRANTED**. Mr. McConkey is withdrawn as attorney of record and Knox County Law Director Joseph G. Jarret is substituted as attorney of record for Knox County, Tennessee.

**E N T E R:**

      s/ Thomas W. Phillips
      United States District Judge