UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| KENNETH L. STOREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:03-cv-488 |
| | ) | *Phillips* |
| | ) | |
| KNOX COUNTY, TENNESSEE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights complaint against Knox County, Tennessee, the former sheriff, and numerous jail officers. There are pending before the court various non-dispositive motions filed by the plaintiff as well as a motion for judgment on the pleadings filed by defendant Chief Ruble, all of which will be addressed in this Memorandum and Order. But first some historical background is warranted.

I.  Factual and Procedural Background

This case was originally dismissed *sua sponte* as time-barred, without service of process, and plaintiff appealed. The Sixth Circuit determined that the Tennessee savings statute rendered the complaint timely, vacated the order of dismissal, and remanded the case for further proceedings. Plaintiff was then ordered to complete the service packets for the defendants, which he did, and the summonses were forwarded to the U.S. Marshal for service

by certified mail. The mail was addressed to each defendant at the Knox County Sheriff's Department.

Upon issuance of the summonses, the Knox County Law Director's Office filed notice that it had received plaintiff's request for waiver of service but was not authorized to waive or accept service of summons for the defendants. Process was subsequently returned unexecuted as to all defendants, with the exception of Chief Ruble. Plaintiff then unsuccessfully sought to have the U.S. Marshals Service serve the unexecuted summonses upon the defendants at the Office of the Knox County Law Director. The Knox County Law Director advised the court that a number of the defendants were no longer employed by the Knox County Sheriff's Department, and that it was difficult to ascertain who some of the defendants were, since plaintiff listed only their last names and in some cases there were more than one current or former employee with the same last name. The Law Director requested that the U.S. Marshals Service serve each defendant personally.

The Clerk's Office then sent plaintiff new summons forms to complete and advised plaintiff that the U.S. Marshals Service would attempt personal service on the unserved defendants. Plaintiff then filed an amended complaint and returned the summonses, listing the address for each defendant as that of the Knox County Law Director's Office. Chief Ruble was again served, as was Knox County, Tennessee, Officer Aaron Yarnell, and Chief Jailer Charles Bowers (the "served defendants"). The summonses were returned unexecuted as to the remaining defendants (the "unserved defendants").

2

Plaintiff then filed a motion to clarify and determine personal jurisdiction over each named party, and to substitute party defendants. In that motion, plaintiff asked the court to do the following: (1) enter an order to the effect that all named defendants are properly before the court in both their official and individual capacities; (2) order that the current sheriff in his official capacity be substituted for former Sheriff Tim Hutchison in his official capacity; and (3) direct the Clerk and the U.S. Marshals Service to attempt service again upon all remaining unserved defendants in their individual capacities. The motion was denied in its entirety. Plaintiff also filed a motion for entry of default and a motion for default judgment as to the unserved defendants, which was denied.

There is presently pending plaintiff's motion to amend the complaint [Doc. 105], his motion for an extension of time to reply to the response to the motion to amend [Doc. 115], and his motion to compel production of information [Doc. 116]. There is also pending the motion for judgment on the pleadings filed by defendant Ruble [Doc. 63].

II.  Discussion

Plaintiff is in the custody of the Tennessee Department of Correction. In his original complaint, as amended, plaintiff alleged that while he was being held as a pre-trial detainee in the Knox County Jail, his civil rights were violated as follows: use of excessive force by various officers, denial of medical care, denial of access to the courts, interference with legal mail, denial of telephone privileges, denial of recreational privileges, and denial of access to a law library.

### A. *Motion to Amend and for Extension of Time*

In his motion to amend the complaint, plaintiff seeks to add additional defendants as well as additional claims against the new defendants and other existing defendants. Defendants Knox County, Tennessee, Officer Yarnell, and Jailer Bowers filed a response in opposition to the motion to amend and plaintiff filed his reply to that response. Plaintiff having filed his reply to the response to the motion to amend, his motion for extension of time in that regard [Doc. 115] is **GRANTED NUNC PRO TUNC**.

The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Plaintiff's new claims and claims against additional defendants are clearly barred by the one-year statute of limitation. Accordingly, his motion to amend the complaint [Doc. 105] is **DENIED**.

### B. *Motion to Compel Production of Information*

Plaintiff has filed a motion to compel production of information, in which he seeks the home addresses and telephone numbers of the unserved defendants [Doc. 116]. This is the same information he sought in a request for production of documents [Doc. 103], to which the served defendants objected [Doc. 104]. The served defendants likewise object to the motion to compel [Doc. 119].

Rule 34(a)(1) of the Federal Rules of Civil Procedure permits a party to request another party to produce documents, tangible items, or property for inspection. The individual defendants in this case, however, are not the proper persons to provide the addresses and telephone numbers of former employees of the Knox County Sheriff's Department. The court notes that, pursuant to Tennessee law, the personal residential addresses and telephone numbers of current and former public employees in the possession of an employer are confidential and not open for inspection. Tenn. Code Ann. §§ 10-7-504(f)(1)(A) & (D). This restriction does not apply to a court performing its official functions. *Id*. § 10-7-504(f)(1). Thus, the proper procedure would have been to ask the court to issue a subpoena to the unserved defendants' employer pursuant to Fed. R. Civ. P. 45. Plaintiff's motion to compel production of information is not well taken and it is **DENIED**.

### *C. Defendant Ruble*

With respect to defendant Ruble, plaintiff alleged in his amended complaint that defendant Ruble, as Chief Deputy of the Knox County Sheriff's Department, was in charge of implementing policies, procedures, and regulations of the department. He also alleged that defendant Ruble knew or should have know of the jail staff's unlawful acts against plaintiff and failed to take corrective action. Defendant Ruble moves for judgment on the pleadings and claims the complaint fails to state a claim upon which relief may be granted as to him.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a

defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Based upon the foregoing, plaintiff's complaint fails to state a claim against defendant Ruble based upon his alleged failure to train and supervise the jail staff and defendant Ruble is entitled to judgment as a matter of law. "[T]hough a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). Accordingly, the motion for judgment on the pleadings filed by defendant Ruble [Doc. 63] is **GRANTED** and defendant Ruble is **DISMISSED** as a defendant.

### D. Unserved Defendants

As noted, process was returned unexecuted as to various defendants on two occasions. Service of the summons and complaint has not been made on those defendants within 120 days after the filing of the complaint and the plaintiff has not shown good cause why service was not made within that period. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** as to the following defendants: Tim Hutchison, Glen Neal, David Moody, Supervisor Warwick, Officer Beeler, Officer Dozier, Officer Kincaid, Officer Head, Officer Cross, Officer Pitman, and Officer Hudson. Rule 4(m) of the Federal Rules of Civil Procedure.

### E. Remaining Defendants

The defendants who have been served and who remain in this action are Knox County, Tennessee, Jailer Bowers, and Officer Yarnell, and they have each filed an answer to the amended complaint. Accordingly, the court will set this matter for trial as to those defendants.

III. Conclusion

Plaintiff's motion for an extension of time is **GRANTED NUNC PRO TUNC**, his motion to amend the complaint is **DENIED**, and his motion to compel production of information is **DENIED**. The motion for judgment on the pleadings filed by defendant Ruble is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** as to the following defendants: Tim Hutchison, Glen Neal, David Moody, Supervisor Warwick, Officer Beeler, Officer Dozier, Officer Kincaid, Officer Head, Officer Cross, Officer Pitman, and Officer Hudson. The court will set this matter for trial as to the remaining defendants, to-wit Knox County, Tennessee, Jailer Bowers, and Officer Yarnell.

**E N T E R:**

    s/ Thomas W. Phillips
United States District Judge